IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DR. R.C. SAMANTA ROY INSTITUTE ) | Case No. 09-10876(KG) |
| OF SCIENCE & TECHNOLOGY, INC., et al., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |
| ) | **Re Dkt No. 283** |

## ORDER OF DISMISSAL

These cases have been pending since March 16, 2009 ("the Petition Date") when the Debtors[1] filed petitions for relief under Chapter 11 of the Bankruptcy Code. In the following six months, nearly all of the Debtors' activities have been directed toward defending against motions to lift the automatic stay which various secured lenders brought seeking leave to prosecute state law foreclosure proceedings. The Court does not doubt that Debtors expended considerable resources and time in defending those motions, but that does not excuse the complete lack of progress of these cases. In fact, had Debtors made efforts to develop a business plan without which they have been unable to finance their cases, they may have forestalled some or all of the lift stay motions. Instead, Debtors fought their secured lenders with both sides expending considerable resources.

During the course of an evidentiary hearing on the lift stay motion of Vermillion Bank on September 14-15, 2009, the Court heard testimony that despite their precarious cash flow

---

[1] The Debtors in these jointly administered cases are: Midwest Hotels & Motels of Shawano, LLC, Midwest Properties of Shawano, LLC, Midwest Oil of Shawano, LLC, Midwest Oil of Minnesota, LLC, Midwest Oil of Wisconsin, LLC, U.S. Acquisitions & Oil, Inc., Samanta Roy Institute of Science & Technology.

status, Debtors had not responded to a party interested in purchasing valuable real property which was vacant and therefore a financial drain rather than an income producing asset. This testimony, combined with the Debtors' continuing operational losses, led the Court on September 15, 2009, to issue *sua sponte* an Order to Show Cause (the "Show Cause Order") why the Court should not dismiss the cases or appoint a Chapter 11 trustee. D.I. 283.

The Court conducted an evidentiary hearing on the Show Cause Order on September 21, 2009. As the result of that hearing, the Court has concluded that dismissal is mandatory.

Bankruptcy Code Sections 1112(b)(1)-(4) provide that absent unusual circumstances, "the court **shall**... dismiss a case under [chapter 11] (emphasis supplied)" for cause, which includes:

> (4A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (4B) gross mismanagement of the estate;
>
> \* \* \*
>
> (4I) failure...to file tax returns due after the date of the order for relief. . . .

The testimony at the show cause hearing established that:

(a) Debtors have not filed tax returns since 2004, including the return for 2008 which was due after the Petition Date.

(b) Debtors Monthly Operating Reports reveal that they are suffering continuing losses. Despite those losses, they do not have a business plan and therefore were unable at

2

the hearing to meet their burden of proving a reasonable likelihood of rehabilitation.

(c) Debtors belatedly responded to the interested purchaser but only in the face of the Show Cause Order. The Court is left to its concern about other lost or delayed opportunities and, moreover, to Debtors inattention to actions it could or should be taking to market its assets.

(d) Six months into the cases, Debtors have been unable to obtain necessary financing without a business plan. The Debtors recently (August 18, 2009) hired a financial advisor to develop a business plan (D.I. 235),[2] but moved to retain the financial advisor only recently and after six months of inaction during which time their businesses continued to falter and only when Debtors' first extension of exclusivity is about to expire and a request for a further extension is pending. During those six months, Debtors forced creditors to serve unwillingly as their lenders.

(e) Also, at the hearing Debtors' CEO testified that Debtors were holding in a gas station safe nearly $60,000 in cash from other businessoperations. Debtors did not advise creditors, the Court or the Office of the United States Trustee where or the manner in which they were holding the funds. Such "cash management" constitutes not only gross mismanagement but, as well, a lack of candor.

A leading case in the Third Circuit on the issue of dismissal is *In re SGL Carbon*

---

[2] The proposed advisor, NachmanHaysBrownstein, Inc. is an outstanding firm with which Debtors began discussions in April 2009. Debtors' failure to act with urgency in the face of its dire financial condition is more evidence of gross mismanagement and disregard for its creditors.

*Corporation*, 200 F.3d 153 (3rd. Cir. 1999). The court of appeals dismissed a case which it found debtors had filed solely to gain a tactical advantage in pending litigation. The Third Circuit held that dismissal "is committed to the sound discretion of the bankruptcy...court," (*Id.* at 159). Courts must prevent abuse of the bankruptcy process to "protect the integrity of the bankruptcy system and the rights of all involved in such proceedings." *Id.* at 169. Debtors have, beyond cavil, abused the bankruptcy process.

It is the multiplicity of factors which compels the Court's decision. Alone, the continuing losses might not be enough to warrant dismissal, but when joined with the absence of a plan to rehabilitate and lengthy inaction in obtaining financing or bringing efforts to the Court for maximizing the value of their assets for the benefit of creditors, dismissal is necessary. Similarly, it is not the mismanagement of the $60,000 cash which by itself compels dismissal but the nondisclosure compounding the act which translates into malfeasance. Debtors committed numerous offenses at odds with the requirements for maintaining a Chapter 11 case.

All parties at the hearing on the Show Cause Order agreed that a chapter 11 trustee is not a viable alternative to dismissal, particularly because Debtors do not have any paid employees. The Court is also concerned that a trustee would not receive the necessary cooperation from the Debtors given their actions and inactions in these cases. The Court therefore finds that Section 1112 of the Code mandates the dismissal of these cases and that the dismissal is in the best interests of Debtors' creditors who will now be able to proceed to

protect their interests without the restrictions of the automatic stay.

For the foregoing reasons, it is HEREBY ORDERED this 22nd day of September, 2009, that these jointly administered cases, and each of them, be DISMISSED.

_____
KEVIN GROSS, U.S.B.J.